**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JP MORGAN CHASE BANK, N.A.,**

        Plaintiff(s),        CASE NUMBER: 07-12805
                                      HONORABLE VICTORIA A. ROBERTS

v.

**MIKEL D. PISTOLE, MR. OCCUPANT
and MRS. OCCUPANT,**

        Defendant(s),

**MIKEL D. PISTOLE,**

        Counter-Plaintiff,

v

**JP MORGAN CHASE BANK, N.A.,**

        Counter-Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND**

This matter is before the Court on Plaintiff JP Morgan Chase Bank, N.A.'s ("JP Morgan") Motion to Remand. Plaintiff filed an eviction action under Michigan's Summary Proceedings Act, M.C.L. §600.5701, *et seq.*, against Defendant Mikel D. Pistole in the 42-1 District Court. Defendant filed an Amended Answer and Counterclaim and removed the action to this Court on the grounds of diversity. Because Defendant is a resident of Michigan, however, Plaintiff contends that the removal is prohibited by 28 U.S.C. §1441(b), which expressly prohibits a citizen of the

forum state from removing an action to federal court on the basis of diversity. Plaintiff also contends that the threshold amount in controversy is not met because the only relief Plaintiff seeks is possession of the subject property, rather than monetary damages. Lastly, Plaintiff asks the Court to assess costs and attorney fees against Defendant, pursuant to 28 U.S.C. §1447(c), because he refused to remedy the improper removal after being informed of the error.

Defendant, who is proceeding *in pro per*, asserts several arguments in opposition to remand. First, he argues that removal was proper because there is complete diversity between the parties, inasmuch as Plaintiff is a resident of Ohio. And, he contends that the amount in controversy requirement is met because the value of the property at issue exceeds $75,000. Second, Defendant points out that he alleged a federal claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d), in his counterclaim. Third, Defendant contends that the Court has jurisdiction over this action by virtue of the complaint he filed against Defendant (and others) in this Court regarding the same property that is the subject of the state court suit. *See Pistole v Mortgage Electronic Registration System, Inc.,* Case. No. 07-12228. Because the same property is involved in both actions and Defendant filed his complaint in this Court first, Defendant contends that §1441(b) does not bar removal. Lastly, Defendant asserts that Plaintiff relinquished any claim of procedural defect in the removal when it voluntarily dismissed the state court action after it was removed to this Court. He also asks the Court to dismiss the state court action, pursuant to FRCP 41(b), as a sanction for the allegedly improper manner in which Plaintiff voluntarily dismissed the state court action and, without his consent, Defendant's counterclaim, and for failing to apprise the Court

2

of its actions.

Plaintiff's motion for remand is **GRANTED**. 28 U.S.C. §1441(b) explicitly provides that actions founded on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See also *Dodrill v New York Central Railroad Co.,* 253 F.Supp. 564, 567 (D.C. Ohio 1966). This provision prohibits removal by Defendant of the Michigan state court action because he is a Michigan resident.

Defendant's arguments to the contrary are without merit. First, §1441(b) bars removal by a citizen of the forum state regardless of whether there is complete diversity between the parties or whether the amount in controversy requirement is met. Second, the fact that Defendant alleged a federal counterclaim does not bring Defendant within the bounds of §1441(b). It is true that §1441(b) states that actions brought under "the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." However, the federal question must appear on the face of the *complaint*. *Switzer v Hayes Wheels Intern., Inc.*, 976 F.Supp. 692, 694 (E.D. Mich.1997). Federal questions alleged in a counterclaim do not confer removal jurisdiction. *Id.* As no federal claims were asserted in Plaintiff's complaint, the federal question exception does not apply. Third, Defendant does not cite authority which supports his contention that the Court may disregard §1441(b) because he filed an action regarding the same property in this Court before Plaintiff filed its state court action, or his contention that his preemptive filing otherwise confers jurisdiction on this Court. Defendant's reliance upon *Detroit United Ry v Dingman*, 204 Mich. 543 (1919) for either proposition is misplaced. *Dingman* is not binding authority in this Court, and,

in any event, *Dingman* only held that the state court was deprived of jurisdiction where plaintiff's federal lawsuit preceded defendant's state court action on the same issue. *Dingman* does not affirmatively establish grounds for federal jurisdiction. Lastly, Defendant does not cite authority which establishes either that Plaintiff waived the right to contest removal or that the Court has jurisdiction to dismiss a state court action pursuant to a federal rule of procedure.

For all of these reasons, Plaintiff's motion to remand is **GRANTED**. This matter is **REMANDED** to the state court for further proceedings.

Plaintiff's request for costs and attorney fees is **DENIED**. An award of attorney fees and costs is within the sound discretion of the Court. *See Morris v Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993); *National City Bank v Aronson*, 474 F.Supp.2d 925, 933 (S.D. Ohio 2007). The Court finds that such an award is not warranted.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 9, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 9, 2008.

s/Carol A. Pinegar
Deputy Clerk